UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DONNA O'NEAL, ET AL. | : | DOCKET NO. 06-0787 |
| VS. | : | JUDGE MINALDI |
| FORD MOTOR CO., ET AL. | : | MAGISTRATE JUDGE WILSON |

## ORDER

This matter was removed to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. The court has reviewed the complaint and the notice of removal and has concluded that it is facially apparent that the requisite jurisdictional amount is in controversy. *See Simon v. Wal-Mart, Inc.*, 193 F.3d 848 (5th Cir. 1999); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000).[1]

However, when jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988)(citation omitted)(emphasis in citing source). This rule requires "strict adherence." *Id*. In diversity cases involving corporations, "allegations of citizenship must set

---

[1] In Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893(as amended by Acts 2004, No. 334). However, if the claim seeks less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are required to so allege in the petition. *Id*. Here, the petition contains no such limitation. Thus, plaintiffs have, in effect, conceded in their state court pleadings that the requisite jurisdictional amount is in controversy. This creates a "strong presumption" in favor of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 591 (1938). Accordingly, it is "facially apparent" that the amount in controversy exceeds $75,000.

forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil, supra*. Simply alleging that a corporation is a "foreign insurer" without specifying its principal place of business is insufficient for jurisdictional purposes. *See, Getty, supra.*

Here, the instant record does not indicate the principal places of business or states of incorporation for the plaintiff State Farm entities. *See*, Notice of Removal, ¶ IV. Accordingly, removing defendant has 11 days from this date within which to file an amended notice of removal pursuant to 28 U.S.C. §1653 which establishes complete diversity between the parties. If defendant fails to so comply, or if jurisdiction is lacking, then remand will be recommended.

Also before the court is plaintiffs' motion to remand. One of the issues raised by the motion is whether plaintiffs have any reasonable possibility of recovery against the non-diverse defendant. The Fifth Circuit has noted that, "[s]ummary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir. 1990).

Accordingly, parties are hereby notified that if, *and only if*, we find that plaintiffs have no possibility of recovery against the non-diverse defendant, then we will also enter summary judgment *sua sponte* in favor of said defendant. On, or before July 11, 2006, the parties may submit any additional briefs and/or competent summary judgment evidence as to this issue.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on June 26, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE