**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| DONNA O'NEAL, ET AL. | : | DOCKET NO. 06-0787 |
| VS. | : | JUDGE MINALDI |
| FORD MOTOR COMPANY, ET AL. | : | MAGISTRATE JUDGE WILSON |

### REPORT AND RECOMMENDATION

Before the court is plaintiffs' Motion to Remand [doc. # 17].[1]

### Background

On April 3, 2006, Donna O'Neal and her insurers, State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company (collectively, "State Farm"), filed the instant suit in the 36th Judicial District Court for the Parish of Beauregard, State of Louisiana. Made defendants were the car's manufacturer, Ford Motor Company ("Ford"), and the seller, Leesville Motors, Inc. (Petition, ¶¶ 1, 5). The petition sets forth that O'Neal's 1994 Lincoln Town Car caught fire due to a defective speed control deactivation switch or other defects. (Petition, ¶¶ 3-4). The resulting fire caused substantial damage to the car and to O'Neal's house. *Id*. State Farm provided insurance coverage to O'Neal for the resulting damage. (Petition, ¶¶ 10-13).

On May 11, 2006, Ford removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. O'Neal is a Louisiana citizen. (Amended Notice of Removal, ¶

---

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

IV). The State Farm entities are incorporated in Illinois, with their principal places of business in said state. *Id*. Defendant, Ford Motor Company, is a Delaware corporation, with its principal place of business in Michigan. *Id*. However, defendant, Leesville Motors, Inc., is a Louisiana corporation. (Notice of Removal, ¶ VI). To circumvent the patent lack of diversity between plaintiff and Leesville Motors, removing defendant contends that plaintiffs have no reasonable possibility of recovery against the non-diverse defendant, and that its presence should be disregarded for purposes of determining diversity (*i.e.* improper or "fraudulent" joinder). (Notice of Removal, ¶¶ VI-VIII). Plaintiffs disagree with Ford's assessment of their claims against Leesville Motors, and on June 23, 2006, filed the instant motion to remand due to incomplete diversity. 28 U.S.C. § 1332.

On June 26, 2006, the undersigned issued an order notifying the parties that if the court found that plaintiffs had no reasonable possibility of recovery against Leesville Motors, then summary judgment would be recommended *sua sponte* in favor of said defendant. Parties were invited to file any additional briefs and/or competent summary judgment evidence addressing the relevant issue(s). The delays have expired, and the matter is now before the court.

<u>Improper Joinder</u>

Once a case has been removed, the burden lies with the removing party to prove that the court has jurisdiction to decide the claim. *Jernigan v. Ashland Oil Inc*. 989 F.2d 812, 815 (5th Cir. 1993)(citing, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). It is axiomatic that "[a]ll plaintiffs must be diverse in citizenship from all defendants in an action brought under the jurisdiction conferred by 28 U.S.C. § 1332(a)." *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). If jurisdiction is alleged on the basis that

non-diverse parties have been improperly joined, then the removing party must establish either: "actual fraud in the pleading of jurisdictional facts," or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004)(*en banc*), *cert. denied by*, *Illinois Cent. R. Co. v. Smallwood*, __ __ U.S. ____, 125 S.Ct. 1825 (4/18/2005)(citing, *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). Here, it is not disputed that Leesville Motors is a citizen of Louisiana for purposes of diversity. Accordingly, our focus is the second basis for improper joinder. *See, Travis, supra.* In resolving this issue, we must determine whether the removing defendant has demonstrated that plaintiff has "no possibility of recovery" against the in-state/non-diverse defendant; *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against the in-state/non-diverse defendant. *Smallwood, supra.*

    The court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the in-state/non-diverse defendant under state law (*i.e.* a Fed.R.Civ.P. 12(b)(6) analysis); or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood, supra.* However, the "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.*[2] In the process, the court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis, supra.* Any contested issues of fact and ambiguities of state law must be resolved in favor of remand.

---

    [2] In other words, facts that can be easily disproved if not true. *Id.*

3

*Id*. If the removing defendant fails to establish improper joinder, then diversity is not complete (and/or removal is improper), and remand is required. *Id*.

Discussion

Ford contends that as a seller, Leesville Motors cannot be liable under the Louisiana Products Liability Act ("LPLA"). Plaintiffs do not challenge this assertion. Instead, plaintiffs confirm that their claim against Leesville Motors lies in redhibition. La. Civ. Code Art. 2520, *et seq*.[3] Indeed, the petition alleges that O'Neal purchased the Lincoln Towncar from Leesville Motors, that the vehicle was defective and absolutely useless for its intended purpose, and that O'Neal would not have purchased the vehicle if she had known of the defect. (Petition, ¶¶ 5, 7). Plaintiffs seek restitution of the purchase price, plus interest from the date of sale. *Id*. In other words, plaintiffs have alleged the prerequisites of a redhibition claim against Leesville Motors.

Nonetheless, Ford contends that plaintiffs' redhibition claim is time-barred because the car was purchased in December,1994, and the maximum prescriptive period for a good faith seller is four years from the date of delivery. La. Civ. Code Art. 2534. However, Ford acknowledges that the car's purchase date is not set forth in plaintiffs' pleadings. (Opp. Memo., pgs. 5-6). Accordingly, Ford adduced a "Claim Detail Report" that purportedly establishes that O'Neal purchased the car in 1994. (Def. Exh. A). Yet, the "Report" does not state that O'Neal purchased the car in 1994. *Id*. In fact, O'Neal is not mentioned anywhere in the "Report." *Id*. Even if the "Report" indicated that the car was originally sold in 1994, it does not establish that O'Neal purchased the car at that time.

---

[3] The LPLA's exclusivity provisions do not bar an action in redhibition. *Grenier v. Medical Engineering Corp.*, 243 F.3d 200, 206 (5th Cir. 2001).

We also note that plaintiffs have alleged that Leesville Motors knew or should have known of the defects in the car at the time of the sale, *i.e.* that Leesville Motors is a "bad faith" seller. (Petition, ¶ 8). The four year maximum prescriptive period does not apply to a seller in bad faith; rather the action prescribes one year from the date that the defect was discovered by the buyer. La. Civ. Code Art. 2534(B).[4] Here, there is no evidence that plaintiffs discovered the alleged defect in the car prior to the December 15, 2005, fire. Moreover, plaintiffs filed the instant suit within one year of the fire. Accordingly, the suit is timely on its face.

Ford argues that plaintiffs cannot successfully establish a claim against Leesville Motors. (*See*, Opp. Memo., pgs. 6-7). However, in the context of a motion to remand, the burden of proof remains with the removing defendant to establish that plaintiffs have no reasonable possibility of recovery against the non-diverse defendant(s). Moreover, "the lack of substantive evidence as to the non-diverse defendant does not support a conclusion that he was fraudulently joined." *Travis*, 326 F.3d at 650-651. To establish improper joinder, the removing defendant must come forward with evidence to negate a possibility of liability against the non-diverse defendant. *Id*. Simply pointing to the plaintiffs' lack of evidence at this stage, does not suffice to establish that plaintiffs have no possibility of recovery against Leesville Motors at trial. *Id*.

Accordingly, removing defendant has not precluded the reasonable possibility that Leesville Motors could be subject to liability under state law. The non-diverse defendant's continued presence destroys complete diversity between the parties, and thus, subject matter

---

[4] Also, if O'Neal purchased the car in 1994, then arguably the pre-revision version of articles 2534 and 2546 apply. La. Civ. Code Arts. 2534 & 2546 (1994). Under the former provisions, "an action for redhibition [against a seller in bad faith] may be commenced at any time, provided a year has not elapsed since the discovery of the vice." La. Civ. Code Art. 2546 (1994).

5

jurisdiction is lacking. 28 U.S.C. § 1332.[5]  Remand is required. 28 U.S.C. § 1447.

Plaintiffs further seek the award of costs, expenses, and fees incurred as a result of the removal. Presumably plaintiffs seek costs and fees pursuant to 28 U.S.C. § 1447. An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," that were incurred as a result of removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.* ___ U.S. ___, 126 S.Ct. 704 (2005)

Here, Ford removed the case by arguing that the non-diverse defendant was improperly joined. The evidence adduced proved insufficient to meet Ford's burden. However, under the circumstances, we cannot conclude that Ford lacked "objectively reasonable" grounds to remove the case.

The Fifth Circuit has recently recognized that a component of "costs" under § 1447(c) are the costs assessable under Fed.R.Civ.P. 54(d)(1)). *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004). Rule 54(d)(1) costs are not subject to the objective reasonableness test. *Id*. Rather, they "shall be allowed as of course to the prevailing party . . ." Fed.R.Civ.P. 54(d)(1). Rule 54(d) creates a strong presumption that the prevailing party will be awarded costs. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985). Removing defendant has not overcome this presumption.

---

[5] Having found a reasonable possibility of recovery against a non-diverse defendant, we do not (and cannot) reach the issue of summary judgment.

6

For the foregoing reasons,

IT IS RECOMMENDED that plaintiffs' motion to remand [doc. # 17] be GRANTED.

IT IS FURTHER RECOMMENDED that Fed.R.Civ.P. 54(d)(1) costs be assessed against the removing defendant. 28 U.S.C. § 1447(c).[6]

IT IS FURTHER RECOMMENDED that movants' requests for costs, fees, and expenses be otherwise DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(c), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on July 28, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[6] The costs are limited to those incurred in federal court that would not have been incurred had the case remained in state court. *Avitts v. Amoco Production Co.* 111 F.3d 30, 32 (5th Cir. 1997). The costs are as specified in 28 U.S.C. § 1920. The amount of costs shall be determined by the Clerk of Court in the first instance. LR 54.3. An interactive version of AO Form 133 "Bill of Costs" can be found on the court's website: http://www.lawd.uscourts.gov/.